This appeal is from an order granting a temporary injunction. The Republic Ice Company sued E. H. Gray, alleging in substance that on June 4, 1931, plaintiff and defendant entered into a written contract, whereby plaintiff employed defendant as driver to sell and deliver ice to customers on such route or routes as might be assigned, at a daily wage of $4, payable weekly; that defendant obligated himself to refrain from engagement in the ice business, either directly or indirectly, within the territory covered by the route or routes so assigned, for a period of three years, immediately following the termination of his contract, from whatever cause; that during the period of defendant's service, he was assigned and worked certain named routes; that on November 15, 1933, the contract of employment ended, and that subsequent thereto defendant began selling ice to plaintiff's customers along the routes served by defendant while in the service of plaintiff, and, by solicitation and sales of ice, diverted trade from plaintiff, to its actual damage in the sum of $500, and that, unless enjoined, defendant will continue such solicitation and sales of ice to plaintiff's said customers, to its irreparable damage; wherefore, plaintiff prayed for injunctive relief, temporary and permanent, requiring defendant to desist, for a period of three years from the date of the termination of said contract of employment, from selling ice, either directly or indirectly, within the territory formerly served by plaintiff's employee, and that plaintiff have judgment against defendant for $500 damages, costs of suit, etc.
The order of court, on application for temporary injunction, in part reads: "And after full consideration of said pleadings, and after hearing the evidence and argument of counsel herein, the court is of the opinion and so finds that the material allegations in the plaintiff's pleadings for a temporary injunction herein should be sustained, and that temporary injunction should issue herein against the defendant, as prayed for by plaintiff. It is therefore ordered, adjudged and decreed by the court that, pending a final determination of this cause, the defendant, E. H. Gray, be, and he hereby is, temporarily enjoined, etc." The issuance of the temporary writ was conditioned on plaintiff filing a good and sufficient bond in the sum of $500, which was executed and filed and the writ accordingly issued, from which this appeal is prosecuted.
The only question presented is: Did the trial court abuse its discretion in granting the temporary writ? We do not think so. The record is before us without a statement of facts, the bond required appears to be sufficient in amount to protect defendant against any loss he may sustain during the life of the temporary writ, if improvidently issued, and, in other respects, we fail to find any evidence justifying the conclusion that the court abused its discretion in granting the writ; hence without more ado, we affirm the order of the court below.